UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TIMOTHY SPENCER, **)** <br> **)** <br> Plaintiff, **)** <br> **)** <br> v. **)** <br> **)** <br> ROBERT BRACEY, *individually and as a* **)** <br> *Health Inspector for the Town of North* **)** <br> *Reading*, and SHELLEY NEWHOUSE, **)** <br> *individually and as Health Inspector for the* **)** <br> *Town of Wilmington*, **)** <br> **)** <br> Defendants. **)** <br> **)** | Civil Action No. <br> 24-11956-BEM |

MEMORANDUM AND ORDER ON
DEFENDANT ROBERT BRACEY'S MOTION FOR RECONSIDERATION

**MURPHY, J.**

"A smart man knows when he is right; a wise man knows when he is wrong." *Thomson Reuters Enter. Ctr. GMBH v. Ross Intel. Inc.*, 765 F. Supp. 3d 382, 390 (D. Del. 2025). On January 20, 2026, the Court granted in part Defendant Robert Bracey's motion for summary judgment but denied summary judgment as to a single claim of retaliation. *See Spencer v. Bracey*, 2026 WL 252426, at *6–8 (D. Mass. Jan. 30, 2026) [hereinafter *Spencer I*]. Because Bracey correctly demonstrates that the Court was wrong to decline to adjudicate the issue of qualified immunity, the Court reconsiders the denial of summary judgment on the retaliation claim and will grant summary judgment on Plaintiff Timonthy Spencer's remaining retaliation claim in favor of Bracey on the basis of qualified immunity.

## I.    Background

### A.    Factual Background

In general terms, this case concerns claims of First Amendment retaliation, denial of equal protection, and denial of due process arising out of complaints Spencer made to the Middlesex District Attorney's Office and the subsequent revocation of his installer's licenses in North Reading and Wilmington by Bracey and Defendant Shelley Newhouse (together, "Defendants"). The Court has previously laid out much of the relevant factual background. *See Spencer I*, 2026 WL 252426, at *1–4.

### B.    Procedural Background

Spencer filed this action on July 24, 2024, in Middlesex Superior Court, alleging several improper and malicious actions related to his licensure and operations as a septic systems installer. *See generally* Dkt. 1-3 ("Compl."). Spencer contends that these actions constituted deprivations of (and retaliation against the exercise of) his rights under the First, Fifth, and Fourteenth Amendments and their analogs under the Massachusetts Constitution. *Id.* ¶¶ 34–44. Defendants timely removed the case to this Court on July 29, 2024. Dkt. 1. On August 11, 2025, Bracey moved for summary judgment. Dkt. 30. On January 30, 2026, the Court granted Bracey's motion in part but declined to consider his arguments on qualified immunity. *Spencer I*, 2026 WL 252426, at *6–8 & n.26. On February 9, 2026, Bracey moved the Court to reconsider its summary judgment ruling as to qualified immunity. Dkt 51. Spencer opposed the motion on February 13, 2026. Dkt. 54. The Court held a hearing on February 26, 2026, and took the matter under advisement.

## II.    Motion for Reconsideration

### A.    Legal Standard

The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration made pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). *Ruiz Rivera v.*

*Pfizer Pharms., LLC*, 521 F.3d 76, 81 (1st Cir. 2008).  The Court may grant a motion for reconsideration "if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

### B.    Analysis

The Court finds the standard for reconsideration has been met.  The Court incorrectly identified Bracey's arguments on qualified immunity as raised for the first time in his reply brief, despite his having raised the issue in his opening brief.  *See* Dkt. 31 at 8–12.  As such, the Court will rule on Bracey's qualified immunity defense as to the remaining retaliation claim.

## III.    Qualified Immunity

### A.    Legal Standard

"When a defendant invokes qualified immunity, the burden is on the plaintiff to show that the defense is inapplicable."  *Escalera-Salgado v. United States*, 911 F.3d 38, 41 (1st Cir. 2018).  "Here, then, [Plaintiff] had the burden to identify 'controlling authority or a robust consensus of persuasive authority such that any reasonable official in the defendant's position would have known that the challenged conduct is illegal in the particular circumstances that [they] faced.'"  *Id.* (quoting *Rivera-Corraliza v. Morales*, 794 F.3d 208, 214–15 (1st Cir. 2015)).  "In resolving questions of qualified immunity at summary judgment, courts engage in a two-element inquiry."  *Kurland v. City of Providence by & through Lombardi*, 711 F. Supp. 3d 57, 80 (D.R.I. 2024) (citing *Tolan v. Cotton*, 572 U.S. 650, 655 (2014)).  "First, the court asks whether the facts 'taken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a federal right.'"  *Id.* (quoting *Tolan*, 572 U.S. at 655).  "If the facts make out a violation of a federal right, the court asks 'whether the right in question was clearly established at the time of the

violation.'" *Id.* (quoting *Tolan*, 572 U.S. at 655). Courts can resolve qualified immunity on either step, in any order. *Wadsworth v. Ngyuen*, 129 F.4th 38, 51 (1st Cir. 2025) (quoting *Estrada v. Rhode Island*, 594 F.3d 56, 63 (1st Cir. 2010)).

### B.    Analysis

Spencer argues that qualified immunity does not apply because Bracey was not acting within the scope of his employment when he made the report to Newhouse. Dkt. 38 at 14. However, the uncontested record is clear that Bracey was acting within the scope of his employment both when he allegedly witnessed Spencer at the Wilmington job site as he passed through the area for work and when he reported the issue to Newhouse. *See, e.g.*, Dkt. 30-1 ¶¶ 64–65 (affidavit of Bracey, stating under oath that this occurred while Bracey "was traveling to a job site in North Reading"); Dkt. 32 ¶¶ 52–53 (undisputed facts from Bracey's Statement of Material Facts regarding Bracey's report that Spencer was operating heavy machinery without a license to Newhouse);[1] Dkt. 47 at 28 (testimony of Newhouse from state court preliminary injunction hearing that Bracey's call was "normal").

On the merits of qualified immunity, Spencer argues that "it was clearly established at the time that one couldn't retaliate against a person because they exercised their right to free speech and to petition the government for a redress of grievances." Dkt. 38 at 13. There is no dispute that the rule against retaliation for protected First Amendment activity is clearly established. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998) (explaining that "the First Amendment bars retaliation for protected speech" is a "general rule [that] has long been clearly established"). But such a general statement of the law does not establish *what* constitutes retaliation. On this point,

---

[1] *See Spencer I,* 2026 WL 252426, at *3 nn.11–12 (explaining why these facts were deemed undisputed despite Spencer's purporting to dispute them).

Spencer has failed to meet his burden. "Only when preexisting precedent—'controlling' authority or a 'consensus of persuasive' authority—involving '*similar*' facts puts the illegality of a specific action 'beyond debate' may damages be awarded." *Miller v. Jackson*, 152 F.4th 258, 267 (1st Cir. 2025) (citing *Berge v. Sch. Comm. of Gloucester*, 107 F.4th 33, 39 (1st Cir. 2024)). But Spencer has not identified *any* authority involving similar facts. *See Escalera-Salgado*, 911 F.3d at 41. As such, Spencer has not met his burden to show that Bracey is not entitled to invoke qualified immunity.

## IV.    <u>Conclusion</u>

For the foregoing reasons, Defendant Robert Bracey's motion for reconsideration, Dkt. 51, is GRANTED, and Defendant Robert Bracey's motion for summary judgment, Dkt. 30, is GRANTED as to the remaining retaliation claim.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: March 27, 2026

5